S.I. STUD, INC., Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 93–1544.

United States Court of Appeals, Federal Circuit.

May 23, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied and Declined July 7, 1994.

646.54 Bolts and bolts and..0.7% <u>ad val.</u>
their nuts imported
in the same ship-
ment

646.57 Studs and studding ..4.7% <u>ad val.</u>

The corresponding headings from the HTSUS are:

Other screws and bolts, whether or not with their nuts or washers:

7318.15.20 Bolts and bolts..0.7% <u>ad val.</u>
and their nuts
or washers en-
tered or export-
ed in the same
shipment

7318.15.50 Studs............4.7% <u>ad val.</u>
7318.19.00 Other ...........5.7% <u>ad val.</u>

 The items imported are alloy steel headless fasteners, threaded over their entire length and having chamfered ends. These fasteners are used by passing them through holes in the things to be fastened, and securing them at each end with a nut. The importer argues that since the fasteners act as bolts, they should be so classified, and that "stud" should only apply to an article "applied as a fixed protuberance", Appellant's Brief at 8. The government argues that these fasteners more accurately meet the definition of studs, citing the mechanical and dictionary definitions relied upon by the Court of International Trade, and the testimony of experts before that court. For example, the McGraw–Hill Dictionary of Scientific and Technical Terms defines "stud" as "A short rod or bolt threaded at both ends without a head." *McGraw–Hill Dictionary of Scientific and Technical Terms,* 1843 (4th ed. 1989). These are the headless threaded rods here at issue. The same dictionary defines "bolt" as "a rod, usually of metal, with a square, round, or hexagonal head at one end and a screw thread on the other, used to fasten objects together." *Id.* at 247. *See also, Chambers Technical Dictionary* (1953) (defining "stud" as "A shank or headless bolt, generally screwed from both ends and plain in the middle. It is permanently screwed into one piece, to which another is then secured by a nut"); *ASME Boiler and*

Carl R. Soller, Soller, Shayne & Horn, New York City, argued, for plaintiff-appellant. With him on the brief was Margaret Hardy Sachter.

James A. Curley, Commercial Litigation Branch, Dept. of Justice, New York City, argued, for defendant-appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office. Also on the brief was Karen P. Binder, Office of the Asst. Chief Counsel, Intern. Trade Litigation, U.S. Customs Service, of counsel.

Before NEWMAN and PLAGER, Circuit Judges, and COHN, District Judge.*

PAULINE NEWMAN, Circuit Judge.

The United States Court of International Trade[1] upheld the classification of certain threaded, headless fasteners as "studs" under item 646.57, Tariff Schedules of the United States ("TSUS"), or heading 7318.15.20, Harmonized Tariff Schedules of the United States ("HTSUS"), and not as "bolts" under item 646.54, TSUS, or heading 7318.15.20, HTSUS. The items are listed in the TSUS as follows:

Bolts, nuts, studs and studding, screws, and washers (including bolts and their nuts imported in the same shipment, and assembled bolts or screws and washers, with or without nuts); screw eyes, screw hooks and screw rings; turnbuckles; all the foregoing not described in the foregoing provisions of this subpart, of base metal:

Of iron or steel:

* The Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation.

1. *S.I. Stud, Inc. v. United States,* No. 90–12–00653, 1993 WL 261419, 1993 Ct.Int'l Trade LEXIS 124 (July 1, 1993) (Slip Op. No. 93–124).

*Pressure Vessel Code* (American Society of Mechanical Engineers) ("*Stud*—a threaded fastener without a head, with threads on one or both ends, or threaded full length").[2]

We affirm the decision of the Court of International Trade, for the reasons stated in its opinion *S.I. Stud, Inc. v. United States,* No. 90–12–00653, 1993 WL 261419 (Ct.Int'l Trade July 1, 1993).

*AFFIRMED.*

PLAGER, Circuit Judge, dissenting.

I regret that I am unable to join my colleagues in their determination that something that looks like a bolt, works like a bolt, and is sold for the purpose of bolting things together, is nevertheless not a bolt, but a stud. The duck test—if it looks like a duck, walks like a duck, and quacks like a duck, then it's a duck—is the applicable test here.

The majority, rather than independently analyzing the matter, chooses to base their decision on the opinion of the Court of International Trade. With all due respect, that opinion is a testament to the triumph of formalism over common sense. In 19 pages of quotations from dictionaries, all conflicting, and references to burdens of proof, the court gives up making any sense of the case and simply holds for the Government.

The problem is not that difficult. Congress cataloged all imaginable things, including metal fasteners, in the tariff schedules. For reasons that may be better left unknown, or at least unexplained, the tariff schedule taxes "bolts and their nuts" at 0.7%, but "studs" at 4.7%. It defines neither, but it is worth noting that bolts and nuts are mentioned together, while studs are not listed with nuts. The Government for obvious reasons prefers everything to be a stud; our job is to decide what is what, using common understandings (absent Congressional direction to the contrary).

The items in controversy are individual threaded metal rods, of various sizes from tiny to really big. They have a nut on one end; on the other end, instead of the traditional fixed head, there is another turnable nut. A clever idea, since in bolting something together with this item you can tighten from either end without torquing (i.e., having to turn) the rod itself. Any home mechanic will immediately get the idea. Indeed, many home mechanics probably have them in hand, since they are now commonly available in hardware stores.

Most of us are also familiar with studs, in the fastener sense. They are typically made from metal rod, sometimes with opposed threads at each end. One end is screwed or driven into a solid material, like a board or wall. To the other end is fastened something, sometimes with a wing nut or other type fastener. Look around, they are ubiquitous. The most characteristic aspect of studs is that they are usually employed as fixed protuberances, hence "tire studs" and similar names.[1]

In this case the specific use to be made of the items at issue, to which the Government agreed by stipulation, is bolting together adjacent flanges attached to the ends of large pipe sections. Maj. op. at 1395–96. Did anyone ever hear of studding something together? Customs itself recognizes the distinction. The Service has issued from time to time opinion letters advising how to distinguish one from the other. Following is a sample of record:

> A stud is a type of bolt, but is distinguished from "bolts" by its application. That is, a stud is usually anchored and provides a projection to which something may be fastened.

Customs Service Headquarters Ruling (HQ) 087977, dated December 5, 1990 (citing HQ 074004, dated April 3, 1986); *see also* HQ 089009, dated July 9, 1991. Even if Customs does not read its own correspondence, this court should. At the least we should mandate that Customs' rulings be hung on the wall of the office responsible for initially

---

**2.** The term "stud" is also used to refer to "fixed protuberances" such as tire studs or hobnails, in addition to headless threaded rods. A "stud" does not become a "bolt" when it is not a fixed protuberance.

**1.** *E.g.,* "stallions kept for breeding," Websters Third New International Dictionary.

making this decision—I would suggest, how-ever, not using a bolt.